UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-60990-VALLE

TIMOTHY OSWALD,

    Plaintiff,

v.

BUFFALO BILLS and
NATIONAL FOOTBALL
LEAGUE,

    Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS

THIS MATTER is before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint and Buffalo Bills, LLC's Alternative Motion to Compel Arbitration (ECF No. 8) (the "Motion"). Plaintiff Timothy Oswald is proceeding without counsel (i.e., pro se). Pursuant to Administrative Order 2025-11, the undersigned United States Magistrate Judge has been randomly assigned as the presiding Judge for all purposes in this case, including entering a dispositive order, presiding over any trial, and entering a final judgment. *See* (ECF No. 2).

After due consideration of the Motion, Plaintiff's Response (ECF No. 27), Defendants' Reply (ECF No. 29), and being otherwise fully advised on the matter, the Motion is **GRANTED WITHOUT PREJUDICE** for the reasons set forth below.

### I. BACKGROUND

Plaintiff Timothy Oswald ("Plaintiff") filed Complaint against Defendants the Buffalo Bills (the "Bills")[1] and the National Football League (the "NFL") (together, "Defendants"), alleging jurisdiction based on diversity of citizenship. (ECF No. 1-1 at 1). Plaintiff alleges that he is a citizen of Florida, and Defendants are incorporated/have a principal place of business in another state. *Id.* Liberally construed, Plaintiff alleges that he was wrongfully denied the ability to purchase season tickets for the upcoming NFL season. (ECF No. 1 ¶ 3). Plaintiff demands $37 million in damages. (ECF No. 1-1 at 1). The instant Motion followed.

In seeking to dismiss the Complaint, Defendants argue that: (i) although the NFL is named as a Defendant, the Complaint lacks allegations against it; (ii) this Court lacks personal jurisdiction over the Bills; (iii) any claims against the Bills would be subject to arbitration; and (iv) Plaintiff fails to allege any viable claims for relief. *See generally* (ECF No. 8).

Plaintiff opposes the Motion, arguing that the Court has general jurisdiction under Florida's long arm statute. (ECF No. 27 at 3). Plaintiff also includes a recitation of alleged facts that go beyond the issue before the Court and lists several cases in support of a purported challenge to the Season Ticket Membership Agreement. (ECF No. 27-1 at 6-8). Lastly, Plaintiff asserts several arguments that the undersigned need not address because the case must be dismissed for lack of personal jurisdiction.

---

[1] Defendants assert the proper entity is Buffalo Bills, LLC. (ECF No. 8 at 1 n.1).

## II.     DISCUSSION

### A. Plaintiff Fails to Allege a Claim Against the NFL

A pro se litigant's pleadings must be construed more liberally than pleadings drafted by attorneys. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *see also Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) ("pro se pleadings are held to a less stringent standard than those pleadings drafted by attorneys and will, therefore, be liberally construed") (citation omitted). Nevertheless, "this leniency does not give a court license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted).

Here, although the Complaint identifies the NFL as a Defendant, it does not contain any allegations against the NFL. *See generally* (ECF No. 1) (identifying only the Bills as involved in the purported claims). In opposing the Motion, Plaintiff argues that the Bills and the NFL have the same counsel, reflecting that "[Defendant's] motivations and objectives align." (ECF No. 27-1 at 14). Plaintiff then discusses the alleged role of the NFL Commissioner and certain of the NFL's policies. *Id.* at 14-19. Plaintiff's arguments, however, do not cure the omission of claims against the NFL. Moreover, Plaintiff may not amend his Complaint through a response to a motion to dismiss. *Watkins v. Six Unknown Broward Sherriff Jail Deputies*, No. 14-CV-62095, 2015 WL 13203924, at *2 (S.D. Fla. Dec. 2, 2015) (citation omitted). Accordingly, the purported claims against the NFL are dismissed for failure to state a claim.

### B. Plaintiff's Claims Against the Bills Fail for Lack of Personal Jurisdiction

A federal court "generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties

3

(personal jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007); *see also Steel Co. v. Citizens for A Better Env't*, 523 U.S. 83, 93-102 (1998). Accepting, as alleged, that the Court has subject matter jurisdiction based on diversity of citizenship, the undersigned must next consider whether the Court has personal jurisdiction over Defendants.

    *1. Plaintiff Failed to Plead or Rebut Evidence Regarding Personal Jurisdiction*

The Complaint can be summarily dismissed because Plaintiff failed to plead jurisdictional allegations against the Bills. *See, e.g.*, *Sky Enterprises, LLC v. Offshore Design & Drilling Servs., LLC*, No. 16-CV-916-J-32PDB, 2017 WL 519115, at *2 (M.D. Fla. Feb. 8, 2017) (dismissing complaint with leave to amend and instructing plaintiff to "incorporate additional jurisdictional allegations and supporting facts in the amended complaint, including which provisions of the long-arm statute upon which it relies."). Further, where a defendant submits evidence contradicting plaintiff's jurisdictional allegations, as here, Plaintiff must "prove—not merely allege—jurisdiction by affidavits, testimony, or other documents." *Johnson v. Royal Caribbean Cruises Ltd.*, 474 F. Supp. 3d 1260, 1265 (S.D. Fla. 2020). In this case, Plaintiff has failed to allege personal jurisdiction in the Complaint. Similarly, in opposing the Motion, Plaintiff has failed to establish jurisdiction by affidavits, testimony, or other documents. Accordingly, dismissal is warranted for these deficiencies alone.

    *2. Jurisdictional Standard Generally*

Moreover, even if the undersigned considers the parties' substantive arguments, Plaintiff has failed to meet his burden to show personal jurisdiction over the Bills. In relevant part, federal courts follow state law in determining the bounds of their jurisdiction over persons. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014); *see* Fed. R. Civ. P. 4(k)(1)(A) (service of process is effective

to establish personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located"). "A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203 (11th Cir. 2015) (citation omitted); *see also Broward Marine, Inc. v. S/V Zeus*, No. 05-CV-23105, 2010 WL 427496, at *4 (S.D. Fla. Feb. 1, 2010) (citing *Sculptchair v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996)). Both prongs must be satisfied for personal jurisdiction to exist. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990); *see also Broward Marine*, 2010 WL 427496, at *4. Thus, a federal district court in Florida "may exercise personal jurisdiction over a nonresident defendant, to the same extent that a Florida court may, so long as the exercise is consistent with federal due process requirements." *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010) (citation omitted).

      3. Florida's Long-Arm Statute

The reach of Florida's long-arm statute is a question of Florida law. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013) (citation and quotation omitted); *Madara*, 916 F.2d at 1514. Federal courts are therefore "required to apply the statute as would the Florida Supreme Court," and are "bound to adhere to the interpretations of Florida's long-arm statute offered by Florida's District Courts of Appeal absent some indication that the Florida Supreme Court would hold otherwise." *Louis Vuitton Malletier*, 736 F.3d at 1352 (citation omitted). Moreover, Florida's long-arm statute is to be strictly construed. *Id.*; *Jarboe Fam. & Friends Irrevocable Living Tr. v. Spielman,* 136 So. 3d 666, 669 (Fla. 2d DCA 2014) (remanding

5

case for determination of whether a Florida court may exercise in personam jurisdiction over a nonresident third-party defendant through impleader absent a basis for personal jurisdiction under Florida's long-arm statute).

A defendant can be subject to personal jurisdiction under Florida's long-arm statute in two ways.  First, Florida courts may exercise general jurisdiction, even if the claims against the defendant do not involve its activities in Florida, if the defendant "is engaged in substantial and not isolated activity within [Florida]." Fla. Stat. § 48.193(2).  Second, Florida courts may exercise specific jurisdiction when a defendant engages in certain activity within Florida.  *Id.* § 48.193(1)(a); *see also Madara*, 916 F.2d at 1516 n.7 ("Specific personal jurisdiction is founded on a party's contacts with the forum state that are related to the cause of action.  General personal jurisdiction arises from a party's contacts with the forum state that are unrelated to the litigation.").

A plaintiff seeking to establish personal jurisdiction over a nonresident defendant "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).  A prima facie case requires enough evidence to withstand a motion for judgment as a matter of law.  *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002).  If the defendant challenges personal jurisdiction "by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction."[2] *Louis Vuitton Malletier*, 736 F.3d at 1350 (citation omitted); *see also Broward Marine*, 2010 WL 427496, at *4.

---

[2] The burden does not shift, however, if the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction. *Louis Vuitton Malletier*, 736 F.3d at 1350 (citation and quotation omitted).

### 4. *General Jurisdiction*

The reach of Florida's general jurisdiction provision "extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment." *Carmouche*, 789 F.3d at 1204 (citation omitted); *see Rautenberg v. Falz*, 193 So. 3d 924, 931 (Fla. 2d DCA 2016) (noting that proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way). A court's assertion of general jurisdiction over a foreign (sister-state or foreign-country) corporation comports with due process when the corporation's affiliations with the State are so "'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Only a limited set of affiliations with a forum will render a defendant amenable to its general jurisdiction. *Daimler*, 571 U.S. at 137; *Goodyear*, 564 U.S. at 924. "[T]he 'paradigm' forums in which a corporate defendant is 'at home' are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017); *see Daimler*, 571 U.S. at 137; *Goodyear*, 564 U.S. at 924. In an "exceptional case," however, a corporate defendant's operations in another forum "may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 571 U.S. at 139 n.19. General personal jurisdiction is based on a defendant's substantial activity in Florida without regard to where the cause of action arose. *Louis Vuitton Malletier,* 736 F.3d at 1352 (citation omitted). A foreign corporation cannot be subject to general jurisdiction in a forum unless the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business. *Carmouche*, 789 F.3d at 1205.

*5. Requirements for Specific Jurisdiction*

Under Florida's long-arm statute, a person, whether or not a citizen or resident of Florida, who personally or through an agent: (i) operates, conducts, engages in, or carries on a business or business venture in the state; or (ii) owns, uses, possesses, or holds any real property within the state, submits to the jurisdiction of Florida courts for any cause of action arising from those acts. Fla. Stat. § 48.193(1)(a)(1), (3); *see also Floridians for Solar Choice, Inc. v. PCI Consultants, Inc.*, No. 15-CV-62688, 2020 WL 6808669, at *6 (S.D. Fla. July 2, 2020) (finding allegations sufficient for specific jurisdiction where defendants operated petitioner gathering business in state, giving rise to plaintiff's claims), *report and recommendation adopted in part*, 2020 WL 5757083 (S.D. Fla. Sept. 28, 2020).

*6. Due Process Requirements*

Under § 48.193(1) of Florida's long-arm statue, personal jurisdiction cannot be exercised unless a defendant has sufficient "minimum contacts" with the forum state to satisfy the due process requirement that maintenance of the suit not offend notions of fair play and substantial justice. *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017)*; see also Jet Charter, Inc. v. Koeck*, 907 F.2d 1110, 1113 (11th Cir. 1990); *Madara*, 916 F.2d at 1514; *Broward Marine*, 2010 WL 427496, at *6. Furthermore, due process requires that defendant's conduct and connection with the forum state be such that the defendant should reasonably anticipate being called into court there. *Jet Charter*, 907 F.2d at 1113. Random, fortuitous or attenuated contacts, or contacts produced through the unilateral activity of a third person, are insufficient to reasonably indicate to the defendant that he should anticipate being subject to personal jurisdiction of the forum state's courts. *Id.*; *Madara*, 916 F.2d at 1514.

In specific personal jurisdiction cases, the due process analysis requires a court to consider whether: (i) the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (ii) the non-resident defendant "purposefully availed" itself of the privilege of conducting activities within the forum; and (iii) the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice." *Louis Vuitton Malletier*, 736 F.3d at 1355. "The plaintiff bears the burden of establishing the first two prongs, and if the plaintiff does so, a defendant must make a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Id*. (citation omitted).

7. *Jurisdiction as Applied to the Allegations in this Case*

In opposing dismissal, Plaintiff argues that:

The [Bills] are incorporated in the state of Delaware; play home games in Orchard Park, New York; play games in many other states including Florida every year against the Miami Dolphins; have occasionally played football games outside the USA (e.g., England, Canada); has as its primary owner a person from Pennsylvania that has his primary residence in Boca Raton, Florida; and a Season Ticket Holder for 37 years [i.e., Plaintiff] that now lives in Florida too, . . . It sounds like a Federal Court is the perfect place for all to meet.

\*\*\*

I think earning money in [the] state counts as 'conducting business' . . . .

The [NFL] with its 32 teams including the [Bills], regularly targeted 'out of town/region fans' nationwide (including Florida) with its marketing campaigns for its 'NFL Sunday Ticket' via DirecTV's 'Displaced Fan' campaign. A similar promotion ran national by YouTube's 'Fish-Out-of-Water' marketing ads. This allowed fans, no matter where they lived in the USA, to watch their 'home' team wherever they live now. This clearly shows that the [Bills] and the [NFL] continue to market to fans no matter where they live – thus crossing 'state lines' while doing so.

(ECF No. 27-1 at 11-12). However, "[a] plaintiff seeking to subject a nonresident defendant to jurisdiction of the court through the long-arm statute must do more than allege facts that show a

9

possibility of jurisdiction." *Ash v. Royal Caribbean Cruises Ltd.*, 991 F. Supp. 2d 1214, 1216 (S.D. Fla. 2013) (citing *Jet Charter,* 907 F.2d at 1112).  Plaintiff's conclusionary arguments, without supporting evidence, fail to meet his burden.

Conversely, Defendants' requests for dismissal includes the Declaration of Chris Colleary, as Vice President of Ticket Sales & Service for the Bills.  (ECF No. 8-2 at 2).  Colleary declares that the Bills: (i) is a Delaware LLC, with a principal place of business in New York; (ii) is not registered to do business in Florida; (iii) has no employees or offices in Florida; (iv) does not sell season tickets to be consumed in Florida; (v) does not directly solicit Florida residents to purchase season ticket memberships to Bill games in New York; and (vi) has sales offices in New York and all season tickets sold by the Bills are tickets to the football games held at Highmark Stadium in Orchard Park, New York.  *Id.*; *see also* (ECF No. 29 at 5).  Against Defendants' uncontradicted evidence, Plaintiff has failed to meet his burden to establish that this Court has personal jurisdiction over the Bills.  *See, e.g.*, *Johns v. Taramita*, 132 F. Supp. 2d 1021, 1031 (S.D. Fla. 2001) (concluding that absence of Florida contacts compels the conclusion that petitioner's have failed to satisfy Florida's long-arm statute insufficient to establish personal jurisdiction); *cf. Ginsberg v. Vitamins Because LLC*, No. 19-CV-22702, 2021 WL 7707264, at *13 (S.D. Fla. June 9, 2021) (finding unrebutted allegations sufficient to satisfy Florida's long-arm statute and requirements of due process).

Because the Court finds that it lacks personal jurisdiction over the Bills, it declines to address Defendants' other challenges to the alleged claims, including: (i) whether the claims are subject to mandatory arbitration; and (ii) whether Plaintiff fails to state a claim.  *See* (ECF No. 8 at 11-18).

10


### III.   CONCLUSION

For the reasons set forth above, it is hereby **ORDERED AND ADJDUGED** that:

1.  Defendants' Motion to Dismiss Plaintiff's Complaint and Buffalo Bills, LLC's Alternative Motion to Compel Arbitration (ECF No. 8) is **GRANTED WITHOUT PREJUDICE.**[3]  This Court lacks personal jurisdiction over the Bills.  Further, Plaintiff has failed to allege any claims against the NFL; and

2.  The case is administratively **CLOSED** and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** at Chambers, in Fort Lauderdale, Florida, on January 27, 2026.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of record

Timothy Oswald, Pro Se
425 NE 27th Drive
Wilton Manors, FL 33334

---

[3] Defendants argue that dismissal should be with prejudice.  *See* (ECF No. 8 at 18-19).  Although Plaintiff has failed to establish personal jurisdiction before this Court, he is free to pursue arbitration of his purported claims and/or litigation where he can establish proper jurisdiction.